## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT BALES, | ) | |
| 1301 North Warehouse Road | ) | |
| Fort Leavenworth, Kansas 66027 | ) | |
| | ) | |
|         Plaintiff, | ) | |
| | ) | |
|    v. | ) | Civil No. 18-2779 |
| | ) | |
| U.S. DEPARTMENT OF STATE, | ) | |
| 2201 C Street N.W. | ) | |
| Washington, D.C. 20522 | ) | |
| | ) | |
|         Defendant. | ) | |
| | ) | |
| Serve: | ) | |
| Attorney General of the United States | ) | |
| U.S. Department of Justice | ) | |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20530-0001 | ) | |
| | ) | |
| U.S. Attorney's Office | ) | |
| District of Columbia | ) | |
| ATTN: Civil Service Processing Clerk | ) | |
| 555 4th Street, NW | ) | |
| Washington, DC 20530 | ) | |
| | ) | |
| U.S. Department of State | ) | |
| The Executive Office | ) | |
| Office of the Legal Adviser | ) | |
| 600 19th Street N.W., Suite 5.600 | ) | |
| Washington, D.C. 20522 | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Robert Bales brings this action against Defendant Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Robert Bales is an individual residing in Leavenworth, Kansas.

4. Defendant United States Department of State is an agency of the United States

Government. Defendant has possession, custody, and control of records Plaintiff seeks.

Defendant is headquartered at 12201 C Street N.W., Washington, D.C. 20522.

## STATEMENT OF FACTS

5.      On September 18, 2018, Plaintiff submitted to Defendant a FOIA request seeking

records in connection with seven Afghan men who were called by the United States to testify in

the court-martial of *United States v. Robert Bales* in 2013. *See* Exhibit ("Exh.") 1. In the letter,

Plaintiff requested both travel-related documents related to these individuals and biometric data

regarding these individuals that likely would be in the Defendant's possession. *Id.*

6.      The request: identified the individuals in a manner that would allow the

Defendant to retrieve relevant records; described the Defendant's role in facilitating the

individuals' travel to the United States; specified the potential locations of responsive

documents; and provided a background of biometric enrollment data, and specifically its use by

the Defendant in Afghanistan. *Id.*, pp. 2-5.

7.      The request also noted that the documents requested were the same documents

that had been requested in an October 25, 2017 FOIA request, that had been dismissed and re-

opened. *Id.*, p. 1.  In fact, the September 18, 2018 FOIA request narrowed the scope of documents that had been requested in the October 25, 2017 request. *Id.*

8.      Upon receiving the September 18, 2018 FOIA request, Defendant was required to, within 20 working days, determine whether to comply with the request and immediately notify Plaintiff of such determination and the reasons therefor. 5 U.S.C. § 552 (a)(6)(A)(1). Defendant was required to, at a minimum: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See, e.g., Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

9.      As of the filing of this complaint, Defendant has failed to perform any of these actions.

10.     Plaintiff is being harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be harmed unless Defendant is compelled to comply with FOIA.

**COUNT I Violation of FOIA, 5 U.S.C. § 552**

11.     Plaintiff re-alleges paragraphs 1 through 10 as if fully stated herein.

12.     Because Defendant failed to make a determination as to whether to comply with the statute within 20 working days of receiving the request, Plaintiff is deemed to have exhausted all administrative remedies available to him under FOIA, and has therefore satisfied all jurisdictional prerequisites to filing this Complaint.  *See* 5 U.S.C. § 552(a)(6)(A)(i)-(ii).

13.     Defendant has violated FOIA in that Defendant has failed to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any

withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to describe the search conducted, including the search methods used; (2) order Defendant to describe the responsive documents Defendant located in a *Vaughn* index, *see Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir 1973); (3) order Defendant to either produce promptly the responsive documents, or describe with particularity and support with substantial evidence the reasons for withholding each document; (4) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (5) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (6) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   ___11/28/2018____                    Respectfully submitted,


____/John N. Maher/_____
John N. Maher
D.C. Bar Number 489113
MAHER LEGAL SERVICES PC
7 East Main Street, Number 1053
St. Charles, Illinois 60174
Tel: (708) 468-8155
johnmaher@maherlegalservices.com

*Counsel for Plaintiff*