UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROBERT BALES, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 18-2779 (RC) |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF STATE, | ) ) ) ) | |
| Defendant. | ) ) | |

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Civil Rule 7(h), Defendant United States Department of State respectfully submits this Statement of Undisputed Material Facts in support of its Motion for Summary Judgment.

1. On September 18, 2018, Plaintiff submitted the following FOIA request to Defendant:

   1) All travel records and travel-related documents related to the following seven Afghan witnesses: Mullah Baraan; Hikmatullah; Rafiullah; Haji Baqi; Haji Mohammad Wazir; Dost Mohammad; and Naimatullah. This part of the request included requests for visa, passport and other travel-related documents for these witnesses.

   2) Any and all emails and/or correspondence between the US Army prosecution and the State Department relating to statements the lead prosecutor made in open court about Mullah Barran being biometrically enrolled and having been a former coalition detainee in Afghanistan.

   3) All State Department communications to the Government of the Islamic Republic of Afghanistan concerning SSG Robert Bales after the March 2012 incident in Panjwai in Kandahar province, Afghanistan, but before the August 2013 trial; and all State Department communications to the Government of the Islamic Republic of Afghanistan concerning the United States' position after the trial and sentence.

1

    4) Biometric data pertaining to the Afghan witnesses, including any correspondence between the State Department and I Corps SJA regarding biometric data of the Afghan witnesses.

Stein Decl.[1] ¶ 6 & Exhibit 1.

2. The time frame of the request was March 1, 2012, to December 31, 2013. Stein Decl. ¶ 6 & Exhibit 1.

3. On April 11, 2019, Defendant informed Plaintiff that the agency could not confirm or deny the existence of visa records responsive to his request, as doing so would reveal information exempt from disclosure under Exemption 3 of the FOIA, 5 U.S.C. § 552(b)(3). Stein Decl. ¶ 8 & Exhibit 2.

4. On April 29, 2019, after conducting searches for documents responsive to the other portions of Plaintiff's request, Defendant informed Bales that it had completed its search and found no responsive records. Stein Decl. ¶ 9 & Exhibit 3.

5. On July 3, 2019, as part of the parties' efforts to minimize or eliminate issues to be briefed, Bales informed Defendant that he would not challenge the sufficiency of the agency's search for responsive records. Stein Decl. ¶ 32 & Exhibit 4.

6. Plaintiff stated that the only aspect of the Defendant's processing of his request that he would challenge was the "*Glomar* response to [Plaintiff's] request for visa records for seven individuals listed in Plaintiff's FOIA request." ECF No. 11 at 1.

Dated: August 2, 2019
                                               Respectfully submitted,

                                               JESSIE K. LIU, D.C. BAR # 472845
                                               United States Attorney

                                               DANIEL F. VAN HORN, D.C. BAR #924092
                                               Chief, Civil Division

---

[1] Citations to "Stein Decl." refer to the Declaration of Eric F. Stein, dated August 2, 2019, and submitted herewith.

/s/ *Paul Cirino*
PAUL CIRINO
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C.  20530
Phone: (202) 252-2529
paul.cirino@usdoj.gov

*Counsel for Defendant*